OPINION. Disnet, Judge: The petitioner relies primarily upon Commissioner v. Appleby, 123 Fed. (2d) 700, affirming 41 B.T.A. 18, to sustain its contention that it may include in its basis for computing depreciation upon certain buildings its adjusted basis in buildings demolished for the purpose of erecting the new structures. The respondent, in substance, contends that the deduction sought by petitioner was properly denied, because there was at the time of purchase of the buildings no intent to demolish them and rebuild; that in such case loss must be claimed in the year of demolition; and that Commissioner v. Appleby, supra, does not apply for the reason that the petitioners therein had acquired the property as legatees and could not have acquired the property with intent to rebuild. Examination of the various cases cited to us clearly indicates that petitioner’s contention should be sustained. It is true that cases hold that, where there is at time of acquisition of property intent to demolish and rebuild, no deductible loss occurs and the basis of the former property may be used in computation of depreciation; but it does not follow that such former basis may not likewise be included in other circumstances, that is, where, as here, there is the requisite intention to rebuild at the time of demolition. The Circuit Court of Appeals for the Second Circuit in the Appleby case so states, saying (referring to the contention that the rule allowing the use of former basis does not apply where there is no intent at time of purchase to raze and rebuild or where taxpayer acquires otherwise than by purchase) : * * * It would be unreasonable to bold that the statement of a rule for this single instance excludes application o! a similar rule to cases where the intent to raze and rebuild was formed after the property was acquired. Losses are recognized only when they result from a closed transaction. If a building is demolished because unsuitable for further use, the transaction with respect to the building is closed and the taxpayer may take his loss; but If the purpose of demolition is to make way for the erection of a new structure, the result is merely to substitute a more valuable asset for the less valuable and the loss from demolition may reasonably be considered as part of the cost of the new asset and to be depreciated during its life, * * *. With reference to the contention that that case is not authority because of acquisition as legatees, we said (41 B. T. A. 22) : “The rationale of the prior decisions is no less applicable to property acquired by inheritance than to property purchased.” In Young v. Commissioner, 59 Fed. (2d) 691 (relied upon by the Circuit Court in the Appleby case), the court, in referring to the mle that intent at acquisition to raze and replace buildings is ground for denial of loss, says: * * * But that rule does not by Implication exclude cases where the taxpayer has not the intent at the time he purchases improved property to demolish existing buildings. * * * The Board was affirmed in its holding that the taxpayers could not deduct the depreciated cost of the buildings destroyed, but must consider the amount as expense incurred in procuring a long term lease, in order to obtain which the demolition took place. To the same effect is Anahma Realty Corporation v. Commissioner, 42 Fed. (2d) 128. Union Bed & Spring Co. v. Commissioner, 39 Fed. (2d) 383, is distinguishable from the instant case, for therein, and in other cases following it, deduction of a loss incurred in business was allowed because of purchase of property for the definite purpose of conducting a certain business, which business suffered loss because of the necessity of repairs or changes not anticipated by the buyer at the time of fixing the purchase price of the property. We held that this is the true test in such cases, in Parma Co., 18 B. T. A. 429, 431, saying that Regulations 45, article 142 (as to loss not being allowable where a building is purchased and razed with view to erect another) : * * * is rebutted by showing that the purpose of taxpayer in so purchasing the building was with a view of the actual use of a part of the building and for a fixed and definite purpose and that he was not able so to use it because of latent defects which were not discovered at the time of purchase. * * * We have found Union Bed & Spring Co., supra, followed in no case wherein there was found not only demolition of buildings not acquired for demolition, but, as herein, rebuilding thereof. (Here we assume, without deciding, that there was no intent at purchase to demolish.) We discern clear distinction between allowance of a business loss in necessary, but unexpected, repair of a building purchased at a certain price for a business purpose, so that in truth a business loss was suffered, and a case such as this, where an owner merely substitutes one building for another on property already owned, and we consider his basis for depreciation. That the rebuilding, and not merely demolition, is a crucial element in the question is indicated in Dayton Co. v. Commissioner, 90 Fed. (2d) 767, where, in holding that loss was allowable where the property was purchased for certain business uses, but without intent to demolish, but the building was shortly thereafter demolished, the court pointed out: “The demolition was not in pursuance of any plan to replace or renew the structure or to further use the property.” Since the petitioner there contended that the deduction could not be taken until sale of the property, it is obvious that the court had in mind that if the building had been replaced by another, as in the instant case, deduction of the loss would have awaited sale. This is in accord with the Appleby case, involving cost basis of property replacing that which had been demolished. We conclude and hold that the petitioner is entitled, under section 114 (a) of the Internal Revenue Code, to include in depreciation basis on the new buildings the adjusted basis for determining gain (less salvage recovered with reference to the demolished buildings). This conclusion renders it unnecessary to consider petitioner’s view, in substance in the alternative, that under the stipulated facts the old buildings were acquired with intention to demolish and rebuild. Decision will be entered under Rule 50.